RECORD NO. 14-4428

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JIMMY JAY STRAYHORN, JR.,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**JOINT APPENDIX - VOLUME I OF II**
**(Pages 1 - 57)**

James B. Craven III
ATTORNEY AT LAW
Post Office Box 1366
Durham, NC 27702
(919) 688-8295
jbc64@mindspring.com

*Counsel for Appellant*

Andrew C. Cochran
OFFICE OF THE UNITED
  STATES ATTORNEY
101 South Edgeworth Street
P.O. Box 1858
Greensboro, NC 27401
(336) 333-5351
usancm.ecfcentral@usdoj.gov

*Counsel for Appellee*

# TABLE OF CONTENTS

*Volume I of II*

Page

District Court Docket Sheet (1:11-cr-00368-CCE-1) ............................................... 1

Indictment
    Filed October 31, 2011 (dkt1) ....................................................................... 13

Opinion of the Fourth Circuit, *United States v. Strayhorn,* No. 12-4487
Judgment Vacated and Remand Case for Resentencing
    Decided February 26, 2014 ........................................................................... 18

Transcript of Resentencing Hearing
    Before The Honorable Catherine C. Eagels
    On April 24, 2014 ........................................................................................ 39

Amended Judgment in a Criminal Case
    Filed May 13, 2014 (dkt167) ........................................................................ 51

Notice of Appeal
    Filed May 22, 2014 (dkt170) ........................................................................ 57

*Volume II of II – Sealed*

Presentence Investigation Report Memorandum
    Prepared March 26, 2014 ............................................................................... 58

i

APPEAL,CLOSED

# U.S. District Court
## North Carolina Middle District (NCMD)
## CRIMINAL DOCKET FOR CASE #: 1:11-cr-00368-CCE-1

Case title: USA v. STRAYHORN et al

Date Filed: 10/31/2011
Date Terminated: 06/21/2012

Assigned to: JUDGE CATHERINE C. EAGLES

Appeals court case numbers: 12-4995, 14-4428

### Defendant (1)

**JIMMY JAY STRAYHORN, JR.**
*TERMINATED: 06/21/2012*

represented by **CHARLES H. HARP , II**
28 VANCE CIR.
LEXINGTON, NC 27292
336-248-2365
Fax: 336-248-2670
Email: chharp@lexcominc.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

Interference with commerce by robbery in violation of 18:1951(a) and 2
(1)

Carry and use, by brandishing a firearm during and in relation to a crime of violence in violation of 18:924(c)(1)(A)(ii) and 2
(2)

Interference with commerce by robbery in

### Disposition

One hundred thirty seven (137) months imprisonment to run concurrent with the sentence imposed under Count 3; Three (3) years supervised release; $100 special assessment; $20,300.00 restitution (Sentence imposed under Counts 1 and 3 shall run consecutive to State sentence)

Seventy-two (72) months imprisonment to run consecutive with the sentence imposed under Counts 1 and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment;

One hundred thirty seven (137) months imprisonment to run concurrent with the

violation of 18:1951(a) and 2
(3)

sentence imposed under Count 1; Three (3) years supervised release to run concurrently with other counts; $100 special assessment

Carry and use a firearm during and in relation to a crime of violence in violation of 18:924(c)(1)(A)(i) and 2
(4)

Three hundred (300) months imprisonment to run consecutive to the sentence imposed under Counts 1, 2, and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Disposition**

---

**Plaintiff**

**USA**

represented by **ANDREW C. COCHRAN**
U. S. ATTORNEY'S OFFICE
251 N. MAIN ST., STE. 726
WINSTON-SALEM, NC 27101
336-747-7502
Fax: 336-747-5207
Email: drew.cochran@usdoj.gov
*ATTORNEY TO BE NOTICED*

**GRAHAM TOD GREEN**
U. S. ATTORNEY'S OFFICE
251 N. MAIN ST., STE. 726
WINSTON-SALEM, NC 27101
336-631-5268 x3003
Fax: 336-631-5049
Email: graham.green@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2011 | 1 | INDICTMENT as to JIMMY JAY STRAYHORN, JR. (1) count(s) 1, 2, 3, 4; JANSON LAMARK STRAYHORN (2) count(s) 1, 2, 3, 4, 5, 6; KENNETH THERRON JONES (3) count(s) 3, 4, 6; THANIA GENEVIEVE WOODCOCK (4) count(s) 3, 4. (Lloyd, Donna) (Entered: 11/02/2011) |
| 11/02/2011 | 2 | Arrest Warrant Issued in case as to JIMMY JAY STRAYHORN, JR. (Lloyd, Donna) (Entered: 11/02/2011) |
| 12/06/2011 | 24 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to JIMMY JAY STRAYHORN, JR. (GREEN, GRAHAM) (Entered: 12/06/2011) |
| 12/06/2011 | 26 | ORDER granting 24 Petition for Writ of Habeas Corpus ad prosequendum as to JIMMY JAY STRAYHORN JR. (1). Writ issued for 12/08/2011 at 9:30 a.m. in Greensboro for arraignment. Signed by MAG/JUDGE P. TREVOR SHARP on 12/06/2011. (Taylor, Abby) (Entered: 12/06/2011) |
| 12/07/2011 | | Attorney update in case as to JIMMY JAY STRAYHORN, JR. Attorney CHARLES H. HARP, II for JIMMY JAY STRAYHORN, JR added. (Garrett, Kim) (Entered: 12/08/2011) |
| 12/08/2011 | 29 | SEALED FINANCIAL AFFIDAVIT by JIMMY JAY STRAYHORN, JR (Taylor, Abby) (Entered: 12/08/2011) |
| 12/08/2011 | | Minute Entry for proceedings held before JUDGE WILLIAM L. OSTEEN JR. in G-1:Arraignment as to JIMMY JAY STRAYHORN JR. (1) Count 1,2,3,4 held on 12/8/2011. AUSA Inman and Attorney Harp present. Defendant(s) pleads NOT GUILTY to all charges. (Court Reporter Joseph Armstrong.) (Welch, Kelly) (Entered: 12/08/2011) |
| 12/08/2011 | 30 | SCHEDULING ORDER as to JIMMY JAY STRAYHORN, JR., signed by John S. Brubaker, Clerk, U. S. District Court. Motions due 12/14/2011; Responses due 12/21/2011; Hearing on Motions 9:30 a.m. 1/9/2012 in Greensboro, N.C.; Plea Agreements, if any, due not later than 12:00 noon 1/5/2012; Change of Plea and Hearing 9:30 a.m. on 1/9/2012 in Greensboro, N.C.; Jury Trial 9:30 a.m. on Tuesday, 1/17/2012 in Greensboro. (Welch, Kelly) (Entered: 12/08/2011) |
| 12/09/2011 | 31 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to JIMMY JAY STRAYHORN, JR on 12/08/2011. (Taylor, Abby) (Entered: 12/09/2011) |
| 12/13/2011 | 32 | Arrest Warrant Returned Executed on 12/08/2011 as to JIMMY JAY STRAYHORN, JR. (Taylor, Abby) (Entered: 12/13/2011) |
| 12/15/2011 | 37 | CJA 20 appointment of attorney, CHARLES HENRY HARP, II to represent defendant, JIMMY STRAYHORN, JR. Signed by MAG/JUDGE P. TREVOR SHARP on 12/07/2011. (Attachments: # 1 CJA Worksheets) (Taylor, Abby) (Entered: 12/15/2011) |

| | | |
|---|---|---|
| 01/11/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: AUSA Graham Greene present for Government; Charles Harp, Scott Colter, Helen Parsonage and Stacey Rubain present for defendants. Status Conference as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN, KENNETH THERRON JONES, THANIA GENEVIEVE WOODCOCK held on 1/11/2012. Motion to continue filing deadlines GRANTED as to Janson Lamark Strayhorn. All Motions to continue trial(s) and Motion to Suppress are held open by the Court. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 01/11/2012) |
| 01/23/2012 | 50 | NOTICE OF ATTORNEY APPEARANCE ANDREW C. COCHRAN appearing for USA. (COCHRAN, ANDREW) (Entered: 01/23/2012) |
| 02/03/2012 | 58 | NOTICE *of Intent to Offer Expert Testimony* by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (COCHRAN, ANDREW) (Entered: 02/03/2012) |
| 02/03/2012 | 59 | NOTICE *of Intent to Offer Expert Testimony* by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (COCHRAN, ANDREW) (Entered: 02/03/2012) |
| 02/03/2012 | 60 | NOTICE *of Intent to Offer Expert Testimony* by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (COCHRAN, ANDREW) (Entered: 02/03/2012) |
| 02/08/2012 | 62 | DEMAND *for Notice of Alibi* by USA as to JIMMY JAY STRAYHORN, JR (GREEN, GRAHAM) (Entered: 02/08/2012) |
| 02/08/2012 | 64 | TRIAL BRIEF by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (GREEN, GRAHAM) (Entered: 02/08/2012) |
| 02/09/2012 | 65 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to JIMMY JAY STRAYHORN, JR. (GREEN, GRAHAM) (Entered: 02/09/2012) |
| 02/09/2012 | 67 | ORDER granting 65 Petition for Writ of Habeas Corpus ad prosequendum as to JIMMY JAY STRAYHORN JR. (1). Writ issued for 02/13/2012 at 9:30 am in Greensboro, NC for trial. Signed by MAG/JUDGE L. PATRICK AULD on 02/09/2012. (Taylor, Abby) (Entered: 02/09/2012) |
| 02/10/2012 | 71 | TRIAL BRIEF by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (GREEN, GRAHAM) (Entered: 02/10/2012) |
| 02/10/2012 | 72 | WITNESS LIST by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (GREEN, GRAHAM) (Entered: 02/10/2012) |
| 02/10/2012 | 73 | TRIAL BRIEF by JIMMY JAY STRAYHORN, JR (HARP, CHARLES) (Entered: 02/10/2012) |
| 02/13/2012 | | Jury Impaneled as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN. (Sanders, Marlene) (Entered: 02/14/2012) |
| 02/13/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: Jury |

4

| | | |
|---|---|---|
| | | Trial Day 1 as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN held on 2/13/2012. Voir Dire/Jury Selection. AUSA Graham Green present for Government, Charles Harp for defendant Jimmy Jay Strayhorn, Jr. and Scott Colter for defendant Janson Lamark Strayhorn. Opening Statement made by Government and defense counsel Scott Colter. Government presented evidence (see witness and exhibit list). Jury trial will resume at 9:30 a.m. on 2/14/12. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 02/14/2012) |
| 02/14/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES:Jury Trial Day 2 continued from 2/13/12 as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN held on 2/14/2012. AUSA Graham Green, Charles Harp and Scott Colter present. 13 jurors present, government evidence continues (see witness/exhibit list). Jury trial will resume at 9:30 a.m. on 2/15/12. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 02/14/2012) |
| 02/15/2012 | 74 | Proposed Jury Instructions by USA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN (GREEN, GRAHAM) (Entered: 02/15/2012) |
| 02/15/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: AUSA Graham Green present for government, Charles Harp present for defendant Jimmy Jay Strayhorn, Jr. and Scott Colter present for Janson Lamark Strayhorn; Jury Trial Day 3 as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN held on 2/15/2012. 13 jurors again present. Government and defendant Janson Lamark Strayhorn presented evidence (see witness and exhibit list). Oral Rule 29 Motion made by defendant Jimmy Jay Strayhorn, Jr. at close of defendant's evidence - DENIED. Oral Rule 29 Motion made by defendant Janson Lamark Strayhorn as to Counts 1, 2, 4 and 6 - DENIED as to Counts 1, 2, and 4 and GRANTED as to Count 6. Closing Arguments. Jury Charge. Alternate juror dismissed. Jury will return for deliberations on 2/16/12 at 9:30 a.m. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 02/15/2012) |
| 02/16/2012 | 75 | Jury Question #1 as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | 76 | Jury Question #2 as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | 77 | Jury Question #3 as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | 78 | JURY VERDICT as to JIMMY JAY STRAYHORN JR. (1) Guilty on Counts 1, 2, 3, and 4. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | 80 | Receipt for Government Exhibits #1, 2, 3, 4, 5, 6, 26, 57, 58, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100 and 105 as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN returned on 2/16/12. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: AUSA |

| | | |
|---|---|---|
| | | Graham Green present for government and Charles Harp present for defendant JIMMY JAY STRAYHORN, JR. and Scott Colter present for defendant JANSON LAMARK STRAYHORN.JURY TRIAL Day 4. 12 jurors present, jury continued deliberation and returned with verdict. Finding JIMMY JAY STRAYHORN, JR. (1) Guilty on Counts 1, 2, 3 and 4 and Finding JANSON LAMARK STRAYHORN (2) Guilty on Counts 1, 2, 3, 4 and 5. Defendants are remanded to custody of US Marshal. Sentencing set for 5/15/12 at 2:00 p.m. in Greensboro Courtroom #3 before JUDGE CATHERINE C. EAGLES. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/16/2012 | | Sentencing as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN. Sentencing set for 5/15/2012 02:00 PM in Greensboro Courtroom #3 before JUDGE CATHERINE C. EAGLES. (Sanders, Marlene) (Entered: 02/16/2012) |
| 02/27/2012 | | Case as to JIMMY JAY STRAYHORN, JR. and JANSON LAMARK STRAYHORN Assigned to JUDGE CATHERINE C. EAGLES. (Sanders, Marlene) (Entered: 02/28/2012) |
| 03/13/2012 | 82 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to JIMMY JAY STRAYHORN, JR on 03/13/2012. (Taylor, Abby) (Entered: 03/13/2012) |
| 04/02/2012 | 83 | CJA 20 as to JIMMY JAY STRAYHORN, JR: Authorization to Pay CHARLES HENRY HARP, II. Amount: $7,625.38, Voucher # 120326000088. Signed by JUDGE CATHERINE C. EAGLES on 3/28/12. (Law, Trina) (Entered: 04/02/2012) |
| 04/02/2012 | 84 | Sealed EXHIBITS re 83 CJA 20 - Authorization to Pay as to Defendant JIMMY JAY STRAYHORN, JR. (Law, Trina) (Entered: 04/02/2012) |
| 05/01/2012 | 86 | NOTICE OF HEARING sentencing as to JIMMY JAY STRAYHORN, JR., continued until further notice. (Sanders, Marlene) (Entered: 05/01/2012) |
| 05/01/2012 | | Terminate Deadlines and Hearings as to JIMMY JAY STRAYHORN, JR. (Sanders, Marlene) (Entered: 05/01/2012) |
| 05/23/2012 | 92 | NOTICE OF HEARING as to JIMMY JAY STRAYHORN, JR. Sentencing set for 6/13/2012 at 2:00 PM in Greensboro Courtroom #3 before JUDGE CATHERINE C. EAGLES. (Sanders, Marlene) (Entered: 05/23/2012) |
| 06/11/2012 | 100 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to JIMMY JAY STRAYHORN, JR. (GREEN, GRAHAM) (Entered: 06/11/2012) |
| 06/11/2012 | 101 | ORDER granting 100 Petition for Writ of Habeas Corpus ad prosequendum as to JIMMY JAY STRAYHORN JR. (1). Writ issued for June 13, 2012, at 2:00 p.m., for sentencing in Greensboro. Signed by MAG/JUDGE L. PATRICK AULD on 6/11/12. (Law, Trina) Modified on 6/11/2012 to edit text. (Lloyd, Donna) (Entered: 06/11/2012) |
| 06/13/2012 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: Sentencing as to JIMMY JAY STRAYHORN, JR. held on 6/13/2012 for Counts 1-4. AUSA Andrew Cochran and Attorney Charles Harp present. Defendant remanded to |

| | | the custody of of US Marshal Service. (Court Reporter Jane Calhoun.) (Sanders, Marlene) (Entered: 06/13/2012) |
|---|---|---|
| 06/13/2012 | 103 | Notice Concerning Right to Appeal by JIMMY JAY STRAYHORN, JR. (Sanders, Marlene) (Entered: 06/13/2012) |
| 06/21/2012 | 108 | JUDGMENT as to JIMMY JAY STRAYHORN, JR. (1), Count(s) 1, One hundred thirty seven (137) months imprisonment to run concurrent with the sentence imposed under Count 3; Three (3) years supervised release; $100 special assessment; $20,300.00 restitution. Count(s) 2, Ninety six (96) months imprisonment to run consecutive with the sentence imposed under Counts 1 and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment. Count(s) 3, One hundred thirty seven (137) months to run concurrent with the sentence imposed under Count 1; Three (3) years supervised release to run concurrently with other counts; $100 special assessment. Count(s) 4, Three hundred (300) months to run consecutive to the sentence imposed under Counts 1, 2, and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment. **Sentence imposed under Counts 1 and 3 shall run consecutive to State sentence**. Signed by JUDGE CATHERINE C. EAGLES on 6/20/12. (Law, Trina) Modified docket text on 6/22/2012 by adding state sentence. (Daniel, J). (Entered: 06/21/2012) |
| 06/26/2012 | 115 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to JIMMY JAY STRAYHORN, JR on 06/15/2012. (Garland, Leah) (Entered: 06/26/2012) |
| 06/26/2012 | 117 | NOTICE OF APPEAL without payment of fees by JIMMY JAY STRAYHORN, JR (HARP, CHARLES) (Entered: 06/26/2012) |
| 06/26/2012 | 118 | Transmission of Notice of Appeal and Docket Sheet as to JIMMY JAY STRAYHORN, JR to US Court of Appeals re 117 Notice of Appeal Without Fee Payment (Taylor, Abby) (Entered: 06/26/2012) |
| 06/27/2012 | 119 | NOTICE of Docketing Record on Appeal from USCA as to JIMMY JAY STRAYHORN, JR re 117 Notice of Appeal Without Fee Payment filed by JIMMY JAY STRAYHORN, JR.. USCA Case Number 12-4995. Case Manager: RJ Warren (Taylor, Abby) (Entered: 06/27/2012) |
| 06/27/2012 | 120 | USCA ORDER. The court appoints Charles H. Harp, II to represent Jimmy Jay Strayhorn, Jr. USCA #12-4995 (Taylor, Abby) (Entered: 06/27/2012) |
| 06/27/2012 | 121 | USCA ORDER as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN. The court consolidates Case No. 12-4487 and Case No. 12-4495. Entry of appearance forms and disclosure statements filed by counsel and parties to the lead case are deemed filed in the secondary case. (Taylor, Abby) (Entered: 06/27/2012) |
| 06/27/2012 | 124 | Exhibit Receipt - Local Rule 79.4 from Attorney J. SCOTT COALTER for Exhibits 1-6, Jury Trial held on 02/13/2012-02/15/2012. (Attachments: # 1 Envelope)(Taylor, Abby) Modified text on 6/27/2012 to add attorney's name. (Daniel, J) (Entered: 06/27/2012) |

| 07/02/2012 | 125 | USCA ORDER as to JIMMY JAY STRAYHORN, JR. The court grants the motion to withdraw as counsel on appeal. The court appoints Tony Rollman to represent appellant on appeal. USCA#12-4495. (Taylor, Abby) (Entered: 07/02/2012) |
| 07/12/2012 | 127 | Receipt Acknowledged by the Government of the materials listed below which are subject to the provisions of Local Rule 79.4 as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN. (Taylor, Abby) Modified on 7/16/2012 to add additional text(Taylor, Abby). (Entered: 07/12/2012) |
| 07/23/2012 | 130 | CJA 24 as to JIMMY JAY STRAYHORN, JR: Authorization to Produce Transcript of Motion to Suppress hearing held on 02/13/2012; Rule 29 and Motion to Dismiss hearing held on 02/15/2012; Testimony held on 02/13/2012-02/16/2012; and Setencing hearing held on 06/13/2012. Court Reporter: Jane Calhoun. Signed by JUDGE CATHERINE C. EAGLES on 07/23/2012. (Garland, Leah) (Entered: 07/23/2012) |
| 08/07/2012 | 135 | CJA 20 as to JIMMY JAY STRAYHORN, JR: Authorization to Pay CHARLES HENRY HARP II. Amount: $ 2,399.95, Voucher # 120702000023. Signed by JUDGE CATHERINE C. EAGLES on 7/3/2012. (Sheets, Jamie) (Entered: 08/07/2012) |
| 09/19/2012 | 140 | TRANSCRIPT filed for dates of 2-14-12, before Judge Eagles, re Jury Trial, TESTIMONY ONLY Court Reporter Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 10/15/2012. Redacted Transcript Deadline set for 10/25/2012. Release of Transcript Restriction set for 12/21/2012. (Calhoun, J.) (Entered: 09/19/2012) |
| 09/19/2012 | 141 | TRANSCRIPT filed for dates of 2-13-12, before Judge Eagles, re Jury Trial, TESTIMONY ONLY, Court Reporter Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this |

| | | satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 10/15/2012. Redacted Transcript Deadline set for 10/25/2012. Release of Transcript Restriction set for 12/21/2012. (Calhoun, J.) (Entered: 09/19/2012) |
|---|---|---|
| 09/19/2012 | 142 | TRANSCRIPT filed for dates of 2-15-12, before Judge Eagles, re Jury Trial, TESTIMONY ONLY AND DEFENDANTS' RULE 29 MOTION Court Reporter/Transcriber Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 10/15/2012. Redacted Transcript Deadline set for 10/25/2012. Release of Transcript Restriction set for 12/21/2012. (Calhoun, J.) (Entered: 09/19/2012) |
| 09/19/2012 | 143 | TRANSCRIPT filed for dates of 6-13-12, before Judge Eagles, re 104 Sentencing, Court Reporter Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 10/15/2012. Redacted Transcript Deadline set for 10/25/2012. Release of Transcript Restriction set for 12/21/2012. (Calhoun, J.) (Entered: 09/19/2012) |
| 01/18/2013 | 149 | TRANSCRIPT filed for dates of 2-13-12, OPENING STATEMENTS, before Judge Eagles, re Jury Trial,, Court Reporterr Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due |

9

| | | |
|---|---|---|
| | | 2/11/2013. Redacted Transcript Deadline set for 2/22/2013. Release of Transcript Restriction set for 4/22/2013. (Calhoun, J.) (Entered: 01/18/2013) |
| 01/18/2013 | 150 | TRANSCRIPT filed for dates of 2-15-12 CLOSING ARGUMENTS AND JURY INSTRUCTIONS, before Judge Eagles, re Jury Trial,,, Court Reporter Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 2/11/2013. Redacted Transcript Deadline set for 2/22/2013. Release of Transcript Restriction set for 4/22/2013. (Calhoun, J.) (Entered: 01/18/2013) |
| 05/23/2013 | 151 | TRANSCRIPT filed for dates of 2-13-12 through 2-16-12 OF AUDIO RECORDINGS PLAYED ON THESE DATES, before Judge Eagles, re Jury Trial,, Court Reporter Calhoun, Telephone number 336-332-6033. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 6/17/2013. Redacted Transcript Deadline set for 6/27/2013. Release of Transcript Restriction set for 8/26/2013. (Calhoun, J.) (Entered: 05/23/2013) |
| 02/26/2014 | 154 | USCA OPINION as to JIMMY JAY STRAYHORN, JR., JANSON LAMARK STRAYHORN. Affirmed in part, reversed in part, and vacated and remanded for resentencing by published opinion. Judge Wynn wrote the opinion, in which Judge Gregory and Judge Davis joined. USCA #12-4487, #12-4495. (Taylor, Abby) (Entered: 02/26/2014) |
| 02/26/2014 | 155 | JUDGMENT of USCA as to JIMMY JAY STRAYHORN, JR, JANSON LAMARK STRAYHORN. In accordance with the decision of this court, the judgment of the district court is affirmed in part, reversed in part, and vacated in part. This case is remanded to the district court for further proceedings consistent with the court's decision. This judgment shall take effect upon issuance of this court's mandate in |

| | | |
|---|---|---|
| | | accordance with Fed. R. App. P. 41. re 117 Notice of Appeal Without Fee Payment, 110 Notice of Appeal. USCA#12-4487, #12-4495. (Taylor, Abby) (Entered: 02/26/2014) |
| 03/20/2014 | 157 | MANDATE of USCA as to JIMMY JAY STRAYHORN, JR. The judgment of this court, entered February 26, 2014, takes effect today. This constitutes the formal mandate of this court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. USCA#12-4495. (Taylor, Abby) (Entered: 03/20/2014) |
| 03/21/2014 | 158 | CJA 20 appointment of attorney Charles H. Harp, II to represent defendant Jimmy Strayhorn, Jr. NOTICE: Pursuant to 18 U.S.C. section 3006A(d)(4), approved CJA voucher forms will be posted to CM/ECF. Appointed counsel is responsible for requesting redactions to information contained within CJA vouchers. Signed by MAG/JUDGE L. PATRICK AULD on 03/21/2014. (Attachments: # 1 CJA Worksheets) (Taylor, Abby) (Entered: 03/21/2014) |
| 03/24/2014 | 159 | NOTICE OF HEARING as to JIMMY JAY STRAYHORN, JR. Resentencing set for 4/24/2014 at 9:30 AM in Greensboro Courtroom #3 before JUDGE CATHERINE C. EAGLES. (Sanders, Marlene) (Entered: 03/24/2014) |
| 04/22/2014 | 164 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to JIMMY JAY STRAYHORN, JR. (GREEN, GRAHAM) (Entered: 04/22/2014) |
| 04/22/2014 | 165 | **ORDER** granting 164 Petition for Writ of Habeas Corpus ad prosequendum as to JIMMY JAY STRAYHORN JR. (1). Writ issued for 04/24/2014 at 9:30 a.m. in Greensboro for resentencing. Signed by MAG/JUDGE L. PATRICK AULD on 04/22/2014. (Taylor, Abby) (Entered: 04/22/2014) |
| 04/24/2014 | | Minute Entry for proceedings held before JUDGE CATHERINE C. EAGLES: Resentencing as to JIMMY JAY STRAYHORN, JR., held on 4/24/2014 for Count 2. AUSA Andrew Cochran present for Government and Attorney Charles Harp present as counsel for defendant. Defendant remanded to custody of US Marshal. (Court Reporter Marsha M. Garlick, P.O. Box 16407, Greensboro, NC 27416 (336) 852-8871.) (Sanders, Marlene) (Entered: 04/24/2014) |
| 04/30/2014 | 166 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to JIMMY JAY STRAYHORN, JR on 4/24/2014. (Sheets, Jamie) (Entered: 04/30/2014) |
| 05/13/2014 | 167 | AMENDED JUDGMENT as to JIMMY JAY STRAYHORN, JR. Reason for Amendment:*Correction of Sentence on Remand (18 U.S.C. 3742(f)(1)and(2). (1), Count(s) 1, One hundred thirty seven (137) months imprisonment to run concurrent with the sentence imposed under Count 3; Three (3) years supervised release; $100 special assessment; $20,300.00 restitution (Sentence imposed under Counts 1 and 3 shall run consecutive to State sentence); Count(s) 2, Seventy-two (72) months imprisonment to run consecutive with the sentence imposed under Counts 1 and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment;; Count(s) 3, One hundred thirty seven (137) months imprisonment to run concurrent with the sentence imposed under Count 1; Three (3) years supervised release to run concurrently with other counts; $100 special assessment; Count(s) 4, Three hundred |

| | | |
|---|---|---|
| | | (300) months imprisonment to run consecutive to the sentence imposed under Counts 1, 2, and 3; Five (5) years supervised release to run concurrently with other counts; $100 special assessment. Signed by JUDGE CATHERINE C. EAGLES on 05/13/2014. (Taylor, Abby) (Entered: 05/13/2014) |
| 05/22/2014 | 170 | NOTICE OF APPEAL without payment of fees by JIMMY JAY STRAYHORN, JR (HARP, CHARLES) (Entered: 05/22/2014) |
| 05/23/2014 | 171 | Transmission of Notice of Appeal and Docket Sheet as to JIMMY JAY STRAYHORN, JR to US Court of Appeals re 170 Notice of Appeal Without Fee Payment. (Garland, Leah) (Entered: 05/23/2014) |
| 05/29/2014 | 175 | NOTICE of Docketing Record on Appeal from USCA as to JIMMY JAY STRAYHORN, JR re 170 Notice of Appeal Without Fee Payment filed by JIMMY JAY STRAYHORN, JR.. USCA Case Number 14-4428. Case Manager: Sue Ellen Nagle. (Taylor, Abby) (Entered: 05/29/2014) |
| 05/29/2014 | 176 | USCA ORDER as to JIMMY JAY STRAYHORN, JR. The court appoints Charles H. Harp II to represent Jimmy Jay Strayhorn, Jr. re 170 Notice of Appeal Without Fee Payment filed by JIMMY JAY STRAYHORN, JR. USCA#14-4428. (Taylor, Abby) (Entered: 05/29/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/05/2014 10:53:31 | | |
| **PACER Login:** cr0268 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:11-cr-00368-CCE |
| **Billable Pages:** 12 | **Cost:** | 1.20 |

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JIMMY JAY STRAYHORN, JR. | : | 1:11CR368-1 |
| JANSON LAMARK STRAYHORN | : | 1:11CR368-2 |
| KENNETH THERRON JONES | : | 1:11CR368-3 |
| THANIA GENEVIEVE WOODCOCK | : | 1:11CR368-4 |

The Grand Jury charges:

COUNT ONE

1.   At all times material to this Indictment, P & S Coins, located at 2567 Hickory Tree Road, Lexington, North Carolina, was engaged in the commercial activities of buying and selling collectible coins and other merchandise, in interstate and foreign commerce and in an industry that affected interstate and foreign commerce.

2.   On or about August 17, 2010, in the County of Davidson, in the Middle District of North Carolina, JIMMY JAY STRAYHORN, JR., and JANSON LAMARK STRAYHORN did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that JIMMY JAY STRAYHORN, JR., and JANSON LAMARK STRAYHORN did knowingly and unlawfully take and obtain property consisting of approximately $20,300.00 of United States currency, merchandise and other items

belonging to P & S Coins, 2567 Hickory Tree Road, Lexington, North Carolina, from the possession of an employee of the said business against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by pointing a firearm at the employee and demanding United States currency, merchandise and other items; in violation of Title 18, United States Code, Sections 1951(a) and 2.

### COUNT TWO

On or about August 17, 2010, in the County of Davidson, in the Middle District of North Carolina, JIMMY JAY STRAYHORN, JR., and JANSON LAMARK STRAYHORN, during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), did knowingly carry and use, by brandishing, a firearm, that is, a handgun; in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

### COUNT THREE

1. At all times material to this Indictment, American Coin, located at 400 Central Avenue, Butner, North Carolina, was engaged in the commercial activities of buying and selling collectible coins and other merchandise, in interstate and foreign commerce and in an industry that affected interstate and foreign commerce.

2

2.   From on or about October 25, 2010, continuing up to and including on or about October 29, 2010, the exact dates to the Grand Jurors unknown, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, JIMMY JAY STRAYHORN, JR., JANSON LAMARK STRAYHORN, KENNETH THERRON JONES, and THANIA GENEVIEVE WOODCOCK did unlawfully conspire to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that JIMMY JAY STRAYHORN, JR., JANSON LAMARK STRAYHORN, KENNETH THERRON JONES, and THANIA GENEVIEVE WOODCOCK did knowingly and unlawfully conspire to take and obtain property consisting United States currency, merchandise and other items belonging to American Coin, located at 400 Central Avenue, Butner, North Carolina, from the possession of an employee of the said business against his or her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by conspiring to point firearms at an employee of the said business and thereafter demand United States currency, merchandise and other items; in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT FOUR

From on or about October 25, 2010, continuing up to and including on or about October 29, 2010, the exact dates to the

3

Grand Jurors unknown, in the County of Guilford, in the Middle District of North Carolina, JIMMY JAY STRAYHORN, JR., JANSON LAMARK STRAYHORN, KENNETH THERRON JONES, and THANIA GENEVIEVE WOODCOCK, during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, that is, conspiring to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), did knowingly carry and use firearms, that is, handguns; in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

                         COUNT FIVE

On or about October 29, 2010, in the County of Guilford, in the Middle District of North Carolina, JANSON LAMARK STRAYHORN, having been previously convicted of a crime punishable for a term of imprisonment exceeding one year, knowingly did possess in commerce and affecting commerce a firearm, that is, a Colt .357 handgun; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

                         COUNT SIX

On or about October 29, 2010, in the County of Guilford, in the Middle District of North Carolina, JANSON LAMARK STRAYHORN and KENNETH THERRON JONES knowingly possessed a stolen firearm, that is, a Colt .357 handgun, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable

                              4

cause to believe that the firearm was stolen; in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

A TRUE BILL:

GRAHAM T. GREEN
ASSISTANT UNITED STATES ATTORNEY

RIPLEY RAND
UNITED STATES ATTORNEY

5

743 F.3d 917

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

### No. 12-4487

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JANSON LAMARK STRAYHORN,

        Defendant – Appellant.

### No. 12-4495

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JIMMY JAY STRAYHORN, JR.,

        Defendant – Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00368-CCE-2; 1:11-cr-00368-CCE-1)

Argued: December 11, 2013      Decided: February 26, 2014

Before GREGORY, DAVIS, and WYNN, Circuit Judges.

**18**

Affirmed in part, reversed in part, and vacated and remanded for resentencing by published opinion. Judge Wynn wrote the opinion, in which Judge Gregory and Judge Davis joined.

───────────────

**ARGUED:** James B. Craven, III, Durham, North Carolina, for Appellants. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Tony E. Rollman, Enka, North Carolina, for Appellant Jimmy Jay Strayhorn, Jr. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

2

**19**

WYNN, Circuit Judge:

This appeal arises from the convictions of Janson Strayhorn and Jimmy Strayhorn for the robbery of P & S Coins and a second planned robbery of All American Coins.

Regarding Janson Strayhorn's appeal, we conclude that there was insufficient evidence to convict Janson Strayhorn of robbing P & S Coins. Thus, we hold that the district court erred by denying his motion for judgment of acquittal on the charges related to the P & S Coins robbery. The government did, however, present sufficient evidence to sustain the conspiracy and firearm convictions against Janson Strayhorn relating to the All American Coins robbery.

Regarding Jimmy Strayhorn's appeal, we remand his case for resentencing on the brandishing charge arising from the P & S Coins robbery because the district court failed to instruct the jurors that to convict Jimmy Strayhorn of that offense, they needed to find that he had brandished a gun.

I.

In August 2010, two men robbed P & S Coins, a store in north Davidson County, North Carolina. The robbers arrived in a cream-colored Cadillac. One of the robbers pulled a revolver on Samuel Sims, the store's owner, while the other robber bound Sims's hands with zip ties and his legs with duct tape. The

3

**20**

robbers took coins from a safe and a Colt Peacemaker revolver from a display case and then left the store.

Starting on October 24, 2010, Jimmy Strayhorn, who had been detained in Guilford County Jail as a suspect for other crimes, placed several phone calls to his girlfriend, Thania Woodcock. The police listened to those calls and learned that Jimmy Strayhorn had asked his brother Janson Strayhorn to rob All American Coins and Collectibles in Butner, North Carolina to raise enough money for Jimmy Strayhorn to post his bond. These calls were forwarded to the Butner police and officers were dispatched to watch All American Coins. Butner police knew from the recorded phone calls that the robbers would likely be driving Woodcock's Cadillac.

On October 29, 2010, Captain Donald Slaughter, a Butner police officer, was patrolling the area around All American Coins in an unmarked police car when he noticed a white Cadillac driving slowly past the store. When the Cadillac neared the unmarked police car, the Cadillac's occupants "slumped down[,]" and the driver "place[d] his hand up over his eyes . . . to conceal his identity . . . ." J.A. 146-47.

Slaughter followed the Cadillac, which sped up and made several turns. Believing that the Cadillac's driver was trying to elude him, Slaughter called in the license plate, confirmed that he was following the targeted Cadillac, and stopped and

4

**21**

searched the car along with Officer Knutson, who had been called for back-up assistance. The officers discovered that Janson Strayhorn was the Cadillac's driver, Kenneth Jones was the passenger, and the vehicle was registered to Woodcock, Jimmy Strayhorn's girlfriend. Upon searching the Cadillac, the police found in the back seat a book bag and a laptop bag each containing a revolver. One of the revolvers was the Colt Peacemaker stolen from P & S Coins.

After arresting Janson Strayhorn and Jones, the officers obtained a search warrant for Woodcock's house. There, the police found the same type of black zip tie as those used in the P & S Coins robbery, a coin taken from P & S Coins, and ammunition. It is undisputed that Jimmy Strayhorn resided, at least occasionally, at the Woodcock residence but that Janson Strayhorn did not.

As a result of these incidents, Defendants Janson Strayhorn and Jimmy Strayhorn were charged with one count each of: robbery in violation of the Hobbs Act, which prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce (Count One); using, by brandishing, a firearm in relation to that robbery (Count Two); conspiracy to commit

5

**22**

robbery in violation of the Hobbs Act (Count Three); and using a firearm in relation to the conspiracy (Count Four).[1]

At the ensuing joint trial, various witnesses testified, including Sims from P & S Coins, who identified Jimmy Strayhorn as one of the robbers. Notably, Sims did not identify Janson Strayhorn. Jimmy Strayhorn's DNA was also found on the plastic zip ties left in P & S Coins.

Additionally, a fingerprint expert testified that a partial fingerprint on the duct tape used to bind Sims's feet belonged to Janson Strayhorn. But the expert testified that he could not determine when that fingerprint had been imprinted on the tape and that such a print could remain on the tape for as long as a year.

Defendants unsuccessfully moved for a judgment of acquittal from the jury verdicts of guilty on all counts; they now appeal to this Court.

II.

With his lead argument, Janson Strayhorn contends that the government failed to adduce sufficient evidence to support his convictions involving the P & S Coins robbery and that the

---

[1] Janson Strayhorn was also charged with two firearm offenses, Counts Five and Six. But his appellate brief contains no argument as to Count Five, and Count Six was dismissed at trial and is thus not before us.

6

district court erred in denying his motion for judgment of acquittal. We review the denial of his motion for judgment of acquittal de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). Specifically, "[w]e review the sufficiency of the evidence to support a conviction by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (quotation marks omitted). "'[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Id. (alteration in original) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

"In determining whether the evidence was sufficient to support a conviction, a reviewing court must determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). As we have emphasized, in sufficiency challenges our focus "is the complete picture that the evidence presents." Burgos, 94 F.3d at 863. We thus consider the evidence "in cumulative context" rather than "in a piecemeal fashion[.]" Id.

7

**24**

Defendants were convicted of two counts relating to P & S Coins. The first was robbery in violation of the Hobbs Act. "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person . . . by means of actual or threatened force, or violence, or fear of injury, . . . to his person or property . . . at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

The second P & S Coins-related count was for using, by brandishing, a firearm in violation of 18 U.S.C. § 924(c)(1). To successfully prosecute that crime, the government "must show two elements: (1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

We must first determine whether the government presented sufficient evidence to support Janson Strayhorn's convictions on the two P & S Coins-related charges. The centerpiece of the government's case against Janson Strayhorn consisted of a partial fingerprint on an easily movable object, i.e., duct tape. This Court has spoken on the sufficiency of such

8

**25**

fingerprint evidence before, and a close review of our precedent is instructive.

In *United States v. Corso*, we reversed a burglary conviction because we found that the government's evidence was insufficient. 439 F.2d 956, 957 (4th Cir. 1971) (per curiam). In that case, the evidence included the defendant's fingerprint on a matchbook cover that had been used by thieves to jam a lock, screwdrivers, and expert testimony that marks found on the door where the matchbook had been used had been made by one of the screwdrivers. Id. Witnesses also testified that the defendant made credit purchases with cash down payments soon after the burglary, and evidence indicated that more than a year before the burglary, the defendant had worked laying tile in a nearby building. Id. We held that the defendant's fingerprint on the matchbook cover was insufficient to support a burglary conviction.

In reaching that conclusion, we noted that "[t]he probative value of an accused's fingerprints upon a readily movable object is highly questionable, unless it can be shown that such prints could have been impressed *only* during the commission of the crime." Id. Such timing evidence was lacking. Regarding the rest of the government's evidence, we explained that some was without probative value and that the rest constituted an "accumulation of purely circumstantial evidence" that was

9

**26**

insufficient "to permit the jury to find the defendant guilty beyond a reasonable doubt." Id.

Similarly, in United States v. Van Fossen, we held that evidence of fingerprints on two photographic negatives and one engraving plate could not sustain the defendant's counterfeiting conviction because it was not supported by other evidence indicating that the fingerprints were imprinted at the time of a crime. 460 F.2d 38, 40-41 (4th Cir. 1972). We focused on the fact that, "[t]o warrant conviction the trier of fact must be able to reasonably infer from the circumstances that the fingerprints were impressed at the time the crime was committed." Id. at 41. But the government had failed to show when the defendant's fingerprints were imprinted on these moveable objects. "For this reason the prosecution rest[ed] on conjecture and suspicion[,]" and "the jury could only have guessed" that the imprinting occurred during the commission of the crime. Id.

By contrast, in United States v. Harris, we upheld a conviction where the defendant's fingerprints were on a note which read "'this is a holdup'" that was handed to a teller during a bank robbery. 530 F.2d 576, 579 (4th Cir. 1976) (per curiam). Significantly, however, the government presented additional incriminating evidence, namely, the defendant's own "detailed confession[,]" which was admitted even though the

10

defendant repudiated the confession before the trial. _Id._ In that context, we found "substantial evidence to permit the jury to find a guilty verdict beyond a reasonable doubt." _Id._ Similarly, in United States v. Anderson, we sustained several bank robbery convictions supported, in part, by fingerprints on movable objects. 611 F.2d 504, 508-09 (4th Cir. 1979).[2] As in Harris, however, "additional substantial evidence" supported those convictions. _Id._ at 509.

Finally, in Burgos, this Court sustained the defendant's drug convictions supported in part by a fingerprint on a plastic bag containing cocaine base. 94 F.3d at 874-75. Crucially, we noted that the fingerprint "was not the only incriminating evidence establishing Burgos's guilt; rather, there was an abundance of evidence establishing that Burgos was guilty . . . ." _Id._ That evidence included "conclusive" incriminating testimony that, for example, the defendant "knew" that his co-conspirators had crack cocaine on them and that the plan was "to sell the dope" at a North Carolina university. _Id._ at 865, 875.

Viewing these cases holistically, they reveal that in challenges to convictions involving fingerprints on movable objects, in the absence of evidence regarding when the

_____

[2] We reversed in part as to one robbery, however, because "no evidence was adduced connecting either appellant specifically with the crime charged." _Id._ at 509 (emphasis omitted).

11

**28**

fingerprints were made, the government must marshal sufficient additional incriminating evidence so as to allow a rational juror to find guilt beyond a reasonable doubt. Although the government may meet this burden with circumstantial evidence, that evidence must be sufficiently incriminating to support the conviction.

Here, it is undisputed that the fingerprint evidence against Janson Strayhorn as to Counts One and Two consists of one partial fingerprint on the duct tape used in the P & S Coins robbery. The duct tape is, without question, an easily movable object. And the government's expert conceded that he had no way to determine when Janson Strayhorn's fingerprint was imprinted on the tape and that the fingerprint could have been impressed even a year earlier. The probative value of the fingerprint evidence here is thus "highly questionable[.]" Corso, 439 F.2d at 957.

In addition to the partial fingerprint, the "most significant" incriminating evidence the government offered is Janson Strayhorn's "possession" of the Colt Peacemaker. Appellee's Br. at 28. That gun had been taken during the P & S Coins robbery and was found in the Cadillac that Janson Strayhorn was driving when Butner police stopped him near All American Coins.

12

**29**

In general, unexplained possession of recently stolen property may permit an inference of theft. See e.g., United States v. Long, 538 F.2d 580, 581 (4th Cir. 1976). In United States v. Newsome, this Court looked to the specific facts and context in determining that such an inference was appropriate. 322 F.3d 328, 333 (4th Cir. 2003). Regarding timing, we found that "there was evidence closely linking" the timing of the theft of the trees and subsequent sale of the stolen timber to nearby mills over a maximum two-week period. Id. ("Evidence showed that the trees discovered to have been cut down and stolen . . . around Memorial Day were sold by the defendants to the mills on May 24, May 30, and June 6 in close temporal proximity to their thefts."). Further, we noted that the property at issue—cherry tree logs illegally removed from national forests—was "huge and heavy" and "could [not] easily be moved and transferred from person to person." Id.

Engaging in a similar fact-specific inquiry here, we must conclude that the gun was no longer recently stolen by the time Butner police stopped Janson Strayhorn. Regarding timing, two months had passed between the P & S Coins robbery and Janson Strayhorn's arrest near All American Coins. The government introduced no evidence that Janson Strayhorn possessed the Colt until the days leading up to the planned robbery of All American Coins. In fact, Jones testified that the Colt, along with other

13

**30**

guns, was at Woodcock's house and Jones picked it up from her house to give to Janson Strayhorn in the days before the planned All American Coins robbery after Jimmy Strayhorn was arrested. Further, the Colt was small, light, and easily transferable relative to the "huge and heavy" logs at issue in <u>Newsome</u>. 322 F.3d at 333. In addition, Janson Strayhorn's possession of the gun, assuming arguendo that he did knowingly possess it, was not unexplained. Janson Strayhorn's brother Jimmy, who participated in the P & S Coins robbery, asked Janson Strayhorn to commit the All American Coins robbery to help him post bail. To do so, Janson Strayhorn drove Jimmy Strayhorn's girlfriend's car, where the Colt was stored in a bag in the back seat. In light of these facts taken together, Janson Strayhorn's possession of the Colt Peacemaker did not properly allow for an inference of his having participated in its theft from P & S Coins.

Moving beyond the fingerprint and the Colt, the government submits that Janson Strayhorn's conspiring with his brother to commit the second robbery is probative of his guilt on the first robbery. But this is little more than an impermissible propensity argument, <u>cf.</u> Fed. R. Evid. 404(b), and certainly cannot serve to sustain Janson Strayhorn's P & S Coins-related convictions.

Finally, the government argues that the fact that Woodcock's vehicle was used in both the P & S Coins robbery and

14

**31**

the All American Coins incident and that the zip tie found in Woodcock's home was the same type as that used in the P & S Coins robbery somehow demonstrate Janson Strayhorn's guilt. We disagree. Although the car and zip tie might demonstrate Woodcock's involvement (or that of Jimmy Strayhorn, who was at least an occasional occupant of the Woodcock residence), this evidence is not helpful in answering the question presented here: whether substantial evidence linked Janson Strayhorn to the commission of the P & S Coins robbery.

In sum, a fingerprint on an easily movable object with no evidence of when it was imprinted is sufficient to support a conviction only when it is accompanied by additional incriminating evidence which would allow a rational juror to find guilt beyond a reasonable doubt. Here, the government failed to adduce such evidence. Accordingly, we reverse the district court's denial of Janson Strayhorn's motion for judgment of acquittal on Counts One and Two.[3]

### III.

Janson Strayhorn also argues that the government failed to provide sufficient evidence to support his convictions on Counts

---

[3] Because we reverse the denial of Janson Strayhorn's motion for judgment of acquittal on the P & S Coins-related counts, we need not address his argument that the district court improperly excluded Kenneth Jones's exculpatory testimony as to the P & S Coins robbery.

15

**32**

Three and Four involving the conspiracy to rob All American Coins. Again, "[w]e review the sufficiency of the evidence to support a conviction by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Jaensch, 665 F.3d at 93 (quotation marks omitted). And substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (quotation marks omitted).

To prove a Hobbs Act conspiracy, the government must prove that the defendant agreed with at least one other person to commit acts that would satisfy the following three elements:

> (1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

United States v. Buffey, 899 F.2d 1402, 1403 (4th Cir. 1990).

To prove the firearm charge in violation of 18 U.S.C. § 924(c)(1), the government must show that the defendant used or carried a firearm and that he did so during and in relation to a drug trafficking crime or a crime of violence. Mitchell, 104 F.3d at 652.

16

**33**

Janson Strayhorn argues that he intended to sell the Colt Peacemaker rather than rob All American Coins. Even assuming that to be true, substantial record evidence supports Janson Strayhorn's All American Coins-related convictions.

Specifically, recorded telephone calls that Jimmy Strayhorn placed from the Guilford County Jail reflect that Janson Strayhorn wanted to "get rid of that gun" but that Jimmy Strayhorn suggested Janson Strayhorn "use it" instead. Supp. J.A. 4. Defendants then discussed how much money Jimmy Strayhorn needed to make bail, and Jimmy Strayhorn described a "move" that would enable Janson Strayhorn to raise all of the money. Supp. J.A. 5-7. Although Janson Strayhorn stated that "[his] face ain't going to be seen" and that he intended to go only to "show[] them where it's at[,]" he nevertheless plainly agreed to do the "move" the next day: the morning of October 28, 2010. Supp. J.A. 7-8. The plans failed on October 28 because Jones was unavailable. On October 29, Defendants and Woodcock discussed the robbery again on a recorded call, and Jimmy Strayhorn described the plan in detail: Janson Strayhorn would get Woodcock's car and pick up Jones, they would "make that move[,]" and then Janson Strayhorn would return the car to Woodcock. Supp. J.A. 25. The transcript of the phone calls leaves little, if any, doubt that Janson Strayhorn agreed to the plan, even if he did so reluctantly.

17

**34**

The government also proffered the transcript of a phone call that Janson Strayhorn placed to Woodcock after he had been arrested. That call reflects Janson Strayhorn's anger at having agreed to the plan. Janson Strayhorn further stated that he was "thankful we ain't caught in no act of doing nothing[,]" but that they were stopped before the robbery commenced. Supp. J.A. 37–38.

In addition to the recorded calls, the evidence reflected that Janson Strayhorn took steps to carry out the robbery. First, Jones testified that Janson Strayhorn drove him to Butner using Woodcock's car. Second, Butner police stopped Janson Strayhorn after seeing him drive Woodcock's car past All American Coins with Jones as a passenger. Third, a search of the car turned up two guns.

In sum, the record contains substantial evidence, when viewed in the light most favorable to the government, to support Janson Strayhorn's All American Coins-related convictions. The district court did not, therefore, err in denying his motion for judgment of acquittal as to Counts Three and Four.

18

**35**

IV.

Finally, Jimmy Strayhorn appeals his sentence as to his Section 924 offense.[4] We hold, as the government conceded, that Jimmy Strayhorn's case must be remanded for resentencing in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court overruled prior case law and held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne, 133 S. Ct. at 2155, 2158-63. In Alleyne, as here, the defendant was convicted of robbery affecting commerce and use of a firearm during and in relation to a crime of violence under Section 924. The Supreme Court noted that the district court "imposed [a] 7-year mandatory minimum sentence based on its finding by a preponderance of evidence that [a] firearm was 'brandished.'" Id. at 2163. But because the brandishing finding "increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." Id. The Court thus vacated the defendant's sentence and

---

[4] Janson Strayhorn also appealed his sentence relating to the order of sentencing on multiple Section 924 convictions. Because we reverse the district court's denial of Janson Strayhorn's motion for judgment of acquittal as to the P & S Coins-related Section 924 conviction, he now has only one Section 924 conviction (for which he did not receive a brandishing enhancement) and his argument is moot.

19

**36**

remanded for resentencing in accordance with the jury's verdict, i.e., without the increased prison time for brandishing.

Although the Supreme Court decided <u>Alleyne</u> after the conclusion of Jimmy Strayhorn's trial and sentencing, <u>Alleyne</u> nevertheless applies because this appeal was still pending. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

In this case, Count Two charged Jimmy Strayhorn with "knowingly carry[ing] and us[ing], by brandishing, a firearm" during the P & S Coins robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court's jury instructions reflected that brandishing was one method of "using" the firearm rather than an element of the charged offense. <u>See</u> J.A. 683 ("To use a firearm means to brandish it, to point it at a person, to display it visibly, to fire it, to specifically refer to or speak about it, or otherwise to actively employ the gun during or in relation to the robbery."). However, the jury needed to find that the defendants brandished a firearm as an element of the offense for the higher mandatory minimum to apply. Because the record reflects that the jury made no such brandishing finding here, the enhanced mandatory minimum for

20

**37**

brandishing must fall as it did in <u>Alleyne</u>.    Accordingly, we vacate Jimmy Strayhorn's sentence on Count Two and remand for resentencing.

<div align="center">V.</div>

For the foregoing reasons, we reverse the judgment of the district court as to Janson Strayhorn's convictions on Counts One and Two, affirm Janson Strayhorn's convictions on Counts Three and Four, and vacate the sentence and remand Janson Strayhorn's case for resentencing in light of our disposition on his motion for judgment of acquittal.    Further, we vacate and remand Jimmy Strayhorn's case for resentencing in light of the <u>Alleyne</u> error.

<div align="right"><u>AFFIRMED IN PART, REVERSED IN PART,<br>AND VACATED AND REMANDED FOR RESENTENCING</u></div>

<div align="center">21</div>

<div align="center">**38**</div>

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   UNITED STATES OF AMERICA,        Criminal Action
                                      No. 1:11CR368-1
 4          Plaintiff,

 5   vs.                              Greensboro, North Carolina

 6   JIMMY JAY STRAYHORN, JR.,

 7          Defendant.

 8   _____/

 9

10              TRANSCRIPT OF SENTENCING PROCEEDINGS
              BEFORE THE HONORABLE CATHERINE C. EAGLES
11                 UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Government:        Andrew Charles Cochran
                                Assistant United States Attorney
14                              Post Office Box 1858
                                Greensboro, North Carolina 27402
15

16   For the Defendant:        Charles Harp, II, Esq.
                                28 Vance Circle
17                              Lexington, North Carolina 27292

18

19   Court Reporter:           Marsha M. Garlick, RPR
                                Post Office Box 16407
20                              Greensboro, North Carolina 27416
                                (336)852-8871

21

22

23           Proceedings reported by stenotype reporter.
          Transcript produced by computer-aided transcription.

24

25
```

2

1                    THURSDAY, APRIL 24, 2014

2    (This matter was held in open court, beginning at 10:40 a.m.

3    The defendant was present.)

4              MR. COCHRAN:  Our next case, Your Honor, if it

5    pleases the Court, is United States of America versus Jimmy

6    Jay Strayhorn.  It is docket number 1:11CR368-1.  The

7    defendant is present.  He's represented by Mr. Harp.  And his

8    case is on for resentencing today.

9              THE COURT:  All right.  Good morning, Mr. Harp.

10             MR. HARP:  Morning, Your Honor.

11             THE COURT:  I have the sentencing memorandum from

12   the probation office, dated March 26th.  Do you all have

13   copies of that?

14             MR. COCHRAN:  Yes, Your Honor.

15             THE COURT:  Mr. Harp, you seen it?

16             MR. HARP:  I've seen the one that the probation

17   officer had, Your Honor.

18             THE COURT:  Yes.  And I believe she has calculated

19   that the guidelines -- we're just here about Count II,

20   correct?

21             MR. HARP:  Yes, ma'am.

22             MR. COCHRAN:  Yes, Your Honor.

23             THE COURT:  All right.  For resentencing.  I think

24   originally, he had gotten 96 months on that.  And that was

25   vacated by the Court of Appeals for the, I guess you'd say an

3

1    *Alleyne*, or Allen (phon.), or however you say that case, that

2    problem, anyway.

3            So, she has recalculated the guideline range on that

4    would be 60 months consecutive, correct?

5            MR. HARP:  That's correct, Your Honor.

6            MR. COCHRAN:  Yes, Your Honor.

7            THE COURT:  All right.  I didn't see any written

8    objections.  And I take it there are none to that recalculated

9    guideline range?

10           MR. COCHRAN:  Correct, Your Honor.

11           MR. HARP:  No, ma'am.

12           THE COURT:  All right.

13           And I believe that's actually the mandatory minimum

14   under the statute, correct?

15           MR. HARP:  That's correct.

16           MR. COCHRAN:  Yes, Your Honor.

17           THE COURT:  All right.  So I could go higher, but it

18   would require a variance.  And nobody's really suggesting

19   that.

20           Does the government want to be heard on that?  I

21   mean, you didn't file anything, asking for it, so --

22           MR. COCHRAN:  I didn't file anything, Your Honor.  I

23   was just going to speak about -- briefly about what the prior

24   sentence was --

25           THE COURT:  Right.

4

1          MR. COCHRAN:  -- and what the Court's options were

2     --

3          THE COURT:  Okay.

4          MR. COCHRAN:  -- on that.  I didn't think it

5     required a written filing --

6          THE COURT:  Uh-huh.

7          MR. COCHRAN:  -- again what the sentence was last

8     time.  But I'm not --

9          THE COURT:  All right.

10         Well, I will be glad to hear from you all.  Does

11    anybody have additional evidence about -- on sentencing on

12    this count?  Obviously -- I mean, it's been several years.

13    Several years?  Yeah.  But I do remember the case.  So --

14         All right.  Mr. Strayhorn, you can be seated.

15         And Mr. Harp, I'll be glad to hear from you on an

16    appropriate sentence.

17         MR. HARP:  Your Honor, I think that the reduction

18    from 96 to 60 months would be sufficient.

19         THE COURT:  All right.

20         What does the government say?

21         MR. COCHRAN:  Your Honor, the Court does recall the

22    evidence in this case, and I won't go into detail about that.

23    The Court heard that at trial.  And also, what I had said at

24    the previous sentencing hearing, Your Honor.

25         But I would point out to the Court that the original

5

1    sentence on Count II that the defendant received was 96

2    months.  And if the Court came to that conclusion of 96

3    months, when the mandatory minimum was 84 months at that point

4    for the brandishing, if the Court came to that 96 months by

5    saying that, because of the particular heinous nature of the

6    crime, that the sentence would be 96 months on Count II,

7    regardless of what the mandatory minimum was, then I think the

8    Court can also sentence for 96 months in this case.

9           If the Court came to that conclusion of 96 months

10   being the appropriate sentence by -- for the same reason, by

11   saying, well, it should be 12 months higher than what the

12   mandatory minimum was for the offense that the defendant was

13   convicted of, then I think the Court should do that in this

14   case, should sentence the defendant to 72 months.

15          That's the position that the government has in this

16   case.

17          And I do think it's also worth noting, Your Honor,

18   not that it affects the sentencing in any way, but the

19   instruction that the Court gave at the time of the trial with

20   respect to the brandishing count was correct interpretation of

21   the law at the time.

22          THE COURT:  Not the first time that's happened to

23   me.

24          MR. COCHRAN:  I'm sure, Your Honor.  But I just -- I

25   did want to mention that.

6

```
1          THE COURT:  Yeah.
2          MR. COCHRAN:  And that this case was pending when
3   Alleyne came out.
4          THE COURT:  Right.
5          MR. COCHRAN:  So, that's all that I have to say on
6   that, Your Honor.
7          THE COURT:  All right.
8          Well, obviously he's entitled to the benefit of
9   that.  But it does appear I did go over the mandatory minimum
10  when I sentenced him the first time.
11         Mr. Harp, did you want to address that argument?
12         MR. HARP:  I don't think there's a whole lot of
13  choice you had in it, as far as the 300 months, or the -- even
14  the 60 months on the -- on Count II, I don't think there was a
15  lot of choice that you had, as far as the -- what the sentence
16  would be.
17         Count I, of course, you just gave him the maximum,
18  137 months on that.  So I believe the other counts, though,
19  there wasn't much choice about what you could or could not do.
20         THE COURT:  But at this point, I mean, I do have a
21  choice.  I can -- the 60 months would be the guideline range.
22  But apparently when I sentenced him the first time, I thought
23  it needed to be higher than the guideline range, because of
24  the seriousness of the offense and the nature and
25  circumstances of the offense.
```

7

1          So, I guess I'm just asking if there's any reason

2   you would point out to me that that would not be appropriate.

3          MR. HARP:  I can't think of anything.

4          THE COURT:  All right.  Thank you.  You can --

5          Mr. Strayhorn, if you would stand.

6          If there's anything you wanted to say to me before I

7   make a decision about your sentence, I'll be glad to hear from

8   you.  You do not have to speak.  And I won't hold it against

9   you, if there's nothing you want to add.  But if there is

10  anything you want to tell me, before I make a decision here on

11  Count II, which is the carrying of a firearm during and in

12  relation to a crime of violence count, I'll be glad to hear

13  from you.

14         THE DEFENDANT:  Yes, Your Honor.

15         I was looking over my presentence, my presentence

16  report, and I was saying that -- and I was also listen-- I

17  mean, looking over my transcripts.  And I seen that there was

18  no evidence the -- to prove that the value of $20,000 was

19  taken.  Which, that's part of my restitution, which at my

20  level, there was no proof.  And I looked over my transcript,

21  and the victim stated that only $6,000 was missing, was tooken

22  (phon.) from the offense.  But there's no proof in the record

23  where $20,000 is -- I don't know where y'all got that from.

24         THE COURT:  Okay.

25         Anything else you want me to consider, that hasn't

**45**

8

1    been mentioned?

2              THE DEFENDANT:  No, that'd be it, Your Honor.

3              THE COURT:  All right.  Thank you, Mr. Strayhorn.

4    You can be seated.

5    (Time was allowed for the Court.)

6              THE COURT:  All right.  Stand up, please.

7              I have taken the guidelines into account on an

8    advisory basis, and considered the relevant factors.  The

9    guidelines do take into account much of the information

10   relevant to sentencing in this case.  But it appears to me

11   they do not adequately take into account the nature and

12   circumstances of the offense.  Particularly, it was a very

13   violent robbery, involved the threatened use of a gun.

14             I know the jury didn't find brandishing, but it

15   wasn't really disputed that it was brandished, either by the

16   defendant or the other person involved.  And it did result in

17   the victim being tied up with, as I recall, duct tape.  And I

18   did think, when I sentenced him initially, that it required

19   more than the mandatory minimum on the -- on Count II.  And I

20   still think that.

21             On the other hand, I -- you know, the jury did not

22   find brandishing, and I want to give him some -- you know, the

23   benefit of that.  I don't think necessarily it would be fair

24   to sentence him to the same exact thing, when the jury did not

25   find the brandishing.

9

1          So, under those circumstances, I'll give him the
2     same, you know, 12 months over the mandatory minimum that I
3     gave him before.  To take into account the violent nature of
4     the offense.  So that means a 72-month sentence.  That seems
5     to me to be sufficient, but not greater than necessary.

6          I've considered what Mr. Strayhorn said about the
7     restitution.  And I have to say, I don't really remember
8     that.  But that was not -- that was before the Fourth Circuit,
9     or it could have been before them, and they didn't do anything
10    about it.  And so, I do not perceive that that is before me
11    now, any changes on the restitution.

12          So the sentence of the defendant is 72 months.

13          And he'll of course have to pay the $100 special
14    assessment on that.

15          The supervised release would be -- everything else
16    would be the same as I originally sentenced him.

17          Do I need --

18          THE PROBATION OFFICER:  Yes, Your Honor.  I think,
19    because this is a resentencing, you have to actually sentence
20    him on all four counts again.  Or just say --

21          THE COURT:  Oh, on all four counts again?  I thought
22    I only had to do --

23          THE PROBATION OFFICER:  Or just state that it's the
24    same as it was.

25          THE COURT:  Right.  Because, I mean, they only

10

1   remanded on Count II.  But this would be 60 months consecutive
2   to all other counts.  And the sentence on the others remains
3   the same.  Which I believe, my notes reflect, Count I was 137
4   months, Count III, 137 months, and Count IV --  I can't read
5   my writing.  Was it 300 months?
6            MR. HARP:   300.
7            MR. COCHRAN:  Yes, Your Honor.
8            THE COURT:  So, yes, those would all remain the
9   same.  And then the supervised release terms would all remain
10  the same.  Let's see.  Let me just be sure that -- The report
11  -- the sub-- the memo dated March 26 doesn't address
12  supervised release.  The originals --
13           THE PROBATION OFFICER:  Your Honor, the original was
14  two to five years, and that would be the same.
15           THE COURT:  Right.  Yeah.  And I think five years,
16  to run concurrently with the other terms of supervised
17  release.  So I believe that's what I did beforehand, and
18  that's what I'll do again.  With the same terms and conditions
19  that I imposed at original sentencing.  Let me see if I can
20  find those.
21  (Time was allowed for the Court.)
22           THE COURT:  Oh, yeah.  It looks like they were all
23  in one judgment.  So we'll have to do a corrected judgment.
24  It'll -- obviously, I'm not changing any of the others,
25  because there was no error found in those, and no reason to

11

1    change them.

2              MR. HARP:  Yes, ma'am.

3              THE COURT:  And -- yeah, same terms and conditions

4    of supervised release.  Standard conditions.

5              Special conditions, drug testing, provide financial

6    information, and don't borrow any money.  Drug treatment.  All

7    as more specifically set out.

8              Anything else I failed to address or I need to speak

9    to?

10             MR. COCHRAN:  No, Your Honor.

11             MR. HARP:  No, ma'am.

12             THE COURT:  No?

13             All right.  Good luck, Mr. Strayhorn.

14   (This matter was concluded at 10:54 a.m.)

15

16                         *  *  *  *  *

17

18

19

20

21

22

23

24

25

12

1                    C E R T I F I C A T E

2

3        I, Marsha M. Garlick, RPR, Contract Reporter for the

4   Middle District of North Carolina, DO HEREBY CERTIFY

5

6        That the foregoing is a true and correct transcript of

7   the proceedings had in the within-entitled action; that I

8   reported the same to typewriting through the use of Computer-

9   Aided Transcription.

10

11       THIS TRANSCRIPT CERTIFICATION IS VOID, IF THE SIGNATURE

12  IS NOT ORIGINALLY SIGNED BY THE COURT REPORTER WHO REPORTED

13  THIS MATTER.

14

15

16                                     _Marsha M. Garlick_  Digitally signed by Marsha
                                                            DN: cn=Marsha, o, ou,
                                                            email=mgarlick@bellsouth.net, c=US
                                                            Date: 2014.06.21 13:31:18 -04'00'

17  Date Delivered:   June 21, 2014   Marsha M. Garlick, RPR
                                      Contract Reporter
18                                    P.O. Box 16407
                                      Greensboro, NC 27416
19

20

21

22

23

24

25

ENTERED ON DOCKET

MAY 13 2014

BY _____

AO 245C (Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Middle District of North Carolina

FILED
MAY 13 2014

UNITED STATES OF AMERICA

v.

JIMMY JAY STRAYHORN, JR.

**AMENDED JUDGMENT IN A CRIMINAL CASE**

| | |
|---|---|
| Case Number: | 1:11CR368-1 |
| USM Number: | 28159-057 |

Charles H. Harp, II
_____
Defendant's Attorney

Date of Original Judgment:  June 13, 2012
Reason for Amendment:
*Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2)

## THE DEFENDANT:

☐   pleaded guilty to count(s)

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒   was found guilty on count(s) 1-4 after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951(a) and 2 | Interference with Commerce by Robbery | August 17, 2010 | 1 |
| 18:924(c)(1)(A)(ii) and 2 | Carry and Use by Brandishing a Firearm During and in Relation to a Crime of Violence | August 17, 2010 | 2 |
| 18:1951(a) and 2 | Conspiracy to Commit Interference with Commerce by Robbery | October 29, 2010 | 3 |
| 18:924(c)(1)(A)(i) and 2 | Carry and Use of a Firearm During and In Relation to a Crime of Violence | October 29, 2010 | 4 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s) _____ (is)(are) dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 24, 2014
_____
Date of Imposition of Judgment

_____
Signature of Judge

Catherine C. Eagles, United States District Judge
_____
Name & Title of Judge

5/13/14
_____
Date

Case 1:11-cr-00368-CCE   Document 167   Filed 05/13/14   Page 1 of 6

DEFENDANT:        JIMMY JAY STRAYHORN, JR.
CASE NUMBER:      1:11CR368-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **509 months.**

[137 months under Count 1 to run concurrent with the sentence imposed under Count 3; **72 months under Count 2 to run consecutive with the sentence imposed under Counts 1 and 3; 137 months under Count 3 to run concurrent with the sentence imposed under Count 1; 300 months under Count 4 to run consecutive to the sentence imposed under Counts 1, 2 and 3]

[Sentence imposed under Counts 1 and 3 shall run consecutive to State sentence]

☒ The court makes the following recommendations to the Bureau of Prisons: defendant be housed in a Bureau of Prisons facility as close as possible to his place of residence in North Carolina.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

                                                 _____
                                               UNITED STATES MARSHAL

              BY    _____
                                            DEPUTY UNITED STATES MARSHAL

Case 1:11-cr-00368-CCE   Document 167   Filed 05/13/14   Page 2 of 6

DEFENDANT:        JIMMY JAY STRAYHORN, JR.
CASE NUMBER:      1:11CR368-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

**[Three (3) years under Count 1, Five (5) years under Count 2, Three (3) years on Count 3, and Five (5) years under Count 4, all counts to run concurrently]**

 

 

 

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        JIMMY JAY STRAYHORN, JR.
CASE NUMBER:      1:11CR368-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer.  The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer.  During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties           Page 5 of 6

DEFENDANT:       JIMMY JAY STRAYHORN, JR.
CASE NUMBER:    1:11CR368-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ 20,300.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| P&S Coins | $20,300.00 | $20,300.00 | |
| **TOTALS** | $ 20,300.00 | $ 20,300.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (NCMD Rev. 09/11) Sheet 6 - Schedule of Payments                                    Page 6 of 6

DEFENDANT:            JIMMY JAY STRAYHORN, JR.
CASE NUMBER:          1:11CR368-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒   Lump sum payment of $ 400.00 due immediately, balance due

    ☐  not later than _____ , or

    ☒  in accordance with ☐ C, ☒ D, ☐ E, or ☒ F below; or

B ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐   Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒   Payment in equal monthly installments of $50.00 until paid in full, to commence 60 days after release from imprisonment to a term of
    supervision; or

E ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒   Special instructions regarding the payment of criminal monetary penalties:

    To the extent the defendant cannot immediately comply, the Court will recommend he participate in the Inmate
    Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box
2708, Greensboro, NC  27402, unless otherwise directed by the court, the probation officer, or the United States Attorney.  **Nothing herein
shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and
    corresponding payee, if appropriate.

    Janson Lamark Strayhorn        11CR368-2

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: firearm seized shall be destroyed if the
rightful owner cannot be located.

**Payments shall be applied in the following order:  (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest,
(6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.**

Case 1:11-cr-00368-CCE   Document 167   Filed 05/13/14   Page 6 of 6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| versus | ) | |
| | ) | 1:11 CR 36-1 |
| JIMMY JAY STRAYHORN, JR. | ) | |
| | ) | |

## NOTICE OF APPEAL

The Defendant, through counsel, and prior to fourteen (14) days from the date of judgment entered on the 13th day of May 2014 hereby gives notice of appeal.

This the 22nd day of May 2014.

    /s/ Charles H. Harp II
Charles H. Harp II PC
Charles H. Harp II
Attorney for Defendant
28 Vance Circle
Lexington, N.C. 27292
(336) 248-2365
N.C. Bar Number 1892
chharp@lexcominc.net

## CERTIFICATE OF SERVICE

The Notice of Appeal was served by electronic mail on the 8th day of August, 2005 upon the following:

    Graham T. Green
    AUSA
    Post Office Box 1858
    Greensboro, North Carolina 27402

This the 22nd day of May 2014.

    /s/ Charles H. Harp II
Charles H. Harp II
Attorney for Defendant